IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRECISION ENERGY SERVICES, INC., | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. H-11-4492 |
| THRUBIT, LLC, | § § | |
| Defendant. | § | |

# **MEMORANDUM AND ORDER**

This patent case is before the Court on the Motion for Leave to File Second Amended Answer and Counterclaims ("Motion to Amend") [Doc. # 113] filed by Defendant Thrubit, LLC ("Thrubit"), to which Plaintiff Precision Energy Services, Inc. ("Precision") filed a Response [Doc. # 121]. Also pending is Plaintiff's Motion to Dismiss Thrubit's Counterclaims or, In the Alternative, to Enter Final Judgment on Precision's Infringement Claim Under Rule 54(b) ("Motion to Dismiss") [Doc. # 111], to which Defendant filed an Opposition [Doc. # 118], and Plaintiff filed a Reply [Doc. # 119]. In its Motion to Dismiss, Plaintiff seeks to pursue an immediate appeal from the Court's Memorandum and Order on Claim Construction [Doc. # 109] issued March 19, 2013. The Court has reviewed the full record and the cited legal

authorities.  Based on this review, the Court **denies** Defendant's Motion to Amend and **denies** Plaintiff's Motion to Dismiss.

## I.   BACKGROUND

Plaintiff Precision Energy Services, Inc. ("Precision") is the owner of the '061 Patent, entitled "System and Method for Releasing and Retrieving Memory Tool with Wireline in Well Pipe."  The patent covers a system for deploying memory tools used to conduct measurements and record data in sub-surface earth formations through the borehole of a well drilled in the earth.  The patented system facilitates the deployment of memory tools in wells that are deviated or horizontal.

Precision sued Defendant ThruBit, LLC ("ThruBit") alleging infringement of various claims in the '061 Patent.  ThruBit filed a Counterclaim, seeking a declaratory judgment of non-infringement, invalidity, and unenforceability.  Following a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996), the Court issued its claim construction ruling.  Plaintiff then filed its Motion to Dismiss and Defendant filed its Motion to Amend.  Both motions have been fully briefed and are ripe for decision.

## II.   MOTION TO AMEND

The deadline for amendments to pleadings was August 24, 2012.  *See* Docket Control Order [Doc. # 15].  Where, as here, a scheduling order has been entered

establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after a scheduling order's deadline has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

"In the context of a motion for leave to amend, the court may deny the motion if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them'" in the original pleading. *Udoewa v.*

*Plus4 Credit Union*, 2010 WL 1169963, *2 (S.D. Tex. Mar. 23, 2010) (quoting *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994), and citing *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motion to amend to include claims based on same facts); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b) when facts were known at time of first pleading); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (denying leave to amend under Rule 16(b) where movant "had all the information necessary" to support the amendment at the time he filed the original pleading)).

In this case, which has been pending since December 20, 2011, Defendant previously filed counterclaims for declaratory judgments of non-infringement, patent invalidity, and unenforceability. *See* First Amended Answer and Counterclaims [Doc. # 22]. Defendant now seeks to amend to add an additional counterclaim for declaratory judgment that Douwe Johannes "John" Runia was an inventor of the '061 Patent and for an order directing the United States Patent and Trademark Office to issue a certificate correcting the inventorship issue. Defendant seeks also to add a new counterclaim for a declaration that this is an exceptional case and for an award of costs and attorneys' fees under 35 U.S.C. § 285. Defendant concedes that the factual basis

for these counterclaims was known at the time the Original and the First Amended Counterclaims were filed. As a result, leave to amend should be denied on that basis.

Additionally, Defendant has failed to demonstrate good cause under Rule 16(b). As to the first factor, Defendant offers no explanation for its failure to include the proposed counterclaims in the Original or in the First Amended Counterclaims. Instead, Defendant states that it has now decided that it prefers to seek different remedies. Regarding the second factor, Defendant has failed to show that the proposed amendment is important. Indeed, in its Motion to Amend, Defendant maintains that the Court can grant all requested relief based on the current pleading, the First Amended Answer and Counterclaim. *See* Motion to Amend, p. 1. For instance, Defendant in the current pleading asserts that the case is exceptional under § 285. Defendant fails to explain, however, why it is important to convert that assertion into a separate counterclaim. On the "prejudice" and "cure" factors, Plaintiff argues that allowing the proposed amendment may prejudice its Motion to Dismiss, and that the prejudice that cannot be cured by a continuance.

Defendant had knowledge of the factual and legal basis for its proposed amended counterclaims at the time the Original and First Amended Counterclaims were filed. Additionally, Defendant has failed to demonstrate good cause for the late amendment. As a result, Defendant's Motion to Amend is **denied**.

### III.  MOTION TO DISMISS

In its Motion to Dismiss, Plaintiff first proposes having Defendant's counterclaims dismissed without prejudice and then agreeing to entry of a final judgment of non-infringement.  Alternatively, Plaintiff seeks entry of final judgment of non-infringement under Rule 54(b) of the Federal Rules of Civil Procedure, with Defendant's counterclaims being stayed pending Plaintiff's appeal of the Court's claim construction ruling.[1]  Defendant opposes both of these two alternatives.

#### A.  Dismissal Without Prejudice of Defendant's Counterclaims

Upon entry of a judgment of non-infringement, the Court has discretion to dismiss without prejudice, as moot, counterclaims asserting patent invalidity and unenforceability.  *See Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1370-71 (Fed. Cir. 2004).  In its First Amended Counterclaim, Defendant asserts a counterclaim seeking a declaration that the '061 Patent is invalid.  Where, as here, invalidity is asserted as a counterclaim, "the question of validity does not become moot when there has been a determination of noninfringement." *Solomon Techs., Inc. v. Int'l Trade Comm.,* 524 F.3d 1310, 1319 (Fed. Cir. 2008); *see also Aerotel, Ltd. v.*

---

[1]  Plaintiff suggested also the entry of a stipulated judgment of non-infringement with Defendant voluntarily dismissing without prejudice its counterclaims.  *See* Motion to Dismiss [Doc. # 111], p. 1.  Defendant does not agree to a voluntary dismissal of its counterclaims.

*Telco Group, Inc.*, 433 F. App'x 903, 916-17 (Fed. Cir. July 26, 2011).  As a result, Defendant's invalidity counterclaim is not mooted by any judgment of non-infringement, and involuntary dismissal is inappropriate.

### B.     Rule 54(b) Final Judgment

Rule 54(b) allows a Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  *iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008) (quoting FED. R. CIV. P. 54(b)).  A Rule 54(b) final judgment "reflects a balancing of two policies:  avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoid[ing] piecemeal appeals." *Eldredge v. Martin Marietta Corp.,* 207 F.3d 737, 740 (5th Cir. 2000) (internal quotations and citations omitted).  "A court should consider such factors as: "(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

*Abecassis v. Wyatt*, 2010 WL 2671576, *2 (S.D. Tex. June 30, 2010) (Rosenthal, J.) (quoting *Akers v. Alvey,* 338 F.3d 491, 495 (6th Cir. 2003)).  Rule 54(b) motions are disfavored and should be granted only "when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

Regarding the first factor of this test, the relationship between Plaintiff's infringement claim and Defendant's invalidity and unenforceability counterclaims is slight.  Defendant's invalidity and unenforceability counterclaims, for example, are based in part on the argument that John Runia, an inventor of the device covered by the '061 Patent, was not listed as an inventor in the patent application.  This aspect of these counterclaims would not necessarily rely only on the Court's claim construction.

Second, there always exists the possibility that the need for appellate review may be mooted by a future settlement of this lawsuit or by other future events occurring before entry of final judgment.  Third, absent settlement, there exists a strong possibility that the Federal Circuit could be required to consider the case on appeal more than once if, for example, the claim construction ruling is affirmed following entry of a Rule 54(b) judgment and the party dissatisfied by subsequent rulings pursued a later, second appeal.  The judgment Plaintiff seeks to have made final is a judgment of non-infringement and, as a result, there is no issue of set-off.

Miscellaneous factors also weigh against a Rule 54(b) judgment. Plaintiff seeks entry of a Rule 54(b) final judgment of non-infringement only if the Court also stays consideration of Defendant's counterclaims pending appeal. Plaintiff argues that the parties should not be burdened with the expense involved in litigating Defendant's counterclaims because the Federal Circuit may disagree with the Court's claim construction ruling. Although entry of a Rule 54(b) final judgment on the non-infringement issue may result in savings to Plaintiff, Defendant will be significantly prejudiced by the delay in resolving its counterclaims while a potentially unsuccessful appeal is pursued. It is unfair to preclude Defendant for a significant period of time from conducting discovery to obtain and preserve evidence in support of its counterclaims.

Additionally, Plaintiff acknowledged that, to its knowledge, the Federal Circuit has never permitted an interlocutory appeal under 28 U.S.C. § 1292(b).[2] This

---

[2] Title 28, United States Code, § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order:
> (continued...)

indicates the Federal Circuit opposes multiple appeals in the same case and, instead, prefers to consider all appellate issues in one, single review.

The Court concludes that Plaintiff has not demonstrated that a disfavored Rule 54(b) final judgment should be entered in this case with consideration of Defendant's counterclaims stayed pending an appeal of the Court's claim construction ruling. As a result, Plaintiff's Motion for this relief is **denied**.

## IV.   CONCLUSION AND ORDER

Defendant has not demonstrated good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure for leave to add new counterclaims based on information available at the time the Original and First Amended Counterclaims were filed. Plaintiff has not shown an adequate basis for this Court to dismiss Defendant's counterclaims or, alternatively, to enter a Rule 54(b) final judgment of non-infringement and stay Defendant's counterclaims pending appeal. Consequently, it is hereby

**ORDERED** that Defendant's Motion to Amend [Doc. # 113] is **DENIED**. It is further

---

2   (...continued)
   *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

   28 U.S.C. § 1292(b) (italics in original).

**ORDERED** that Plaintiff's Motion to Dismiss or to Enter Final Judgment Under Rule 54(b) [Doc. # 111] is **DENIED**.

All deadlines in the current Docket Control Order remain in effect.

SIGNED at Houston, Texas, this **13th** day of **May, 2013**.

*[signature: Nancy F. Atlas]*

Nancy F. Atlas
United States District Judge