IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRECISION ENERGY SERVICES, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-4492 |
| | § | |
| THRUBIT, LLC, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Motion for Clarification of the Court's *Markman* Order ("Motion for Clarification") [Doc. # 133] filed by Plaintiff Precision Energy Services, Inc. ("Precision"), to which Defendant Thrubit, LLC ("Thrubit") filed a Response [Doc. # 138], and Plaintiff filed a Reply [Doc. # 143]. Also pending is Plaintiff's Motion for Leave to Amend Final Infringement Contentions ("Motion to Amend") [Doc. # 136], to which Defendant filed a Response [Doc. # 142], and Plaintiff filed a Reply [Doc. # 144]. Having reviewed the full record and applicable legal authorities, the Court **denies** both motions.

## I.      BACKGROUND

Plaintiff Precision is the owner of United States Patent No. 7,537,061 ("the '061 Patent"), entitled "System and Method for Releasing and Retrieving Memory Tool with Wireline in Well Pipe." The patent covers a system for deploying memory tools

used to conduct measurements and record data in sub-surface earth formations through the borehole of a well drilled in the earth.  The patented system facilitates the deployment of memory tools in wells that are deviated or horizontal.

Precision sued Defendant ThruBit alleging infringement of various claims in the '061 Patent.  ThruBit filed a Counterclaim, seeking a declaratory judgment of non-infringement, invalidity, and unenforceability.  Following a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996), the Court issued its claim construction ruling on March 19, 2013.  On August 2, 2013, Plaintiff filed its Motion for Clarification.

On April 19, 2013, Plaintiff filed its Final Infringement Contentions. On August 13, 2013, Plaintiff filed its Motion to Amend.

Both the Motion for Clarification and the Motion to Amend have been fully briefed and are ripe for decision.

## II.   <u>MOTION FOR CLARIFICATION</u>

Almost five months after the Court issued its *Markman* decision, Plaintiff filed its Motion for Clarification.[1]  Precision asserts that the Court's construction of the term "divert" is ambiguous and seeks clarification that the term permits "fluid flow

---

[1]      Plaintiff maintains that it does not seek reconsideration of the Court's *Markman* ruling but, instead, seeks only clarification.

around the tool and ***through*** the landing ring and landing collar."  *See* Motion for Clarification, p. 2 (emphasis added).

The Court finds that its prior construction of the term "divert" is not ambiguous. The Court construed the term to mean that "the fluid flow is altered to go around the landing ring and not through the tool."  *See* Memorandum and Order on Claim Construction [Doc. # 109], p. 9.  The Court rejected Plaintiff's argument that the fluid "is allowed to pass inside the landing ring through the tool" and found "no persuasive evidence that a person of ordinary skill in the art would understand the '061 Patent to permit such flow."  *See id.* at 9-10.  The Court's prior claim construction ruling requires no additional clarification, particularly not a "clarification" that alters the prior ruling.  Therefore, Plaintiff's Motion for Clarification is **denied**.

## III.   <u>MOTION TO AMEND</u>

The deadline for Final Infringement Contentions was April 19, 2013.  Where, as here, a scheduling order has been entered establishing a deadline, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend a filing after the scheduling order's deadline has expired.  *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).  "Rule 16(b) provides that once a scheduling order has been entered,

it 'may be modified only for good cause and with the judge's consent.'"  *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)).  Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)).  To determine whether the moving party has established good cause, the Court considers the following four factors:  "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

In this case, which has been pending since December 20, 2011, Plaintiff seeks to amend its Final Infringement Contentions almost four months after the deadline. The Court finds that Plaintiff has failed to demonstrate good cause under Rule 16(b). As to the first factor, Plaintiff asserts that it has obtained new information since it filed its Final Infringement Contentions.  It is undisputed, however, that Plaintiff conducted virtually no discovery between the time it filed this lawsuit and when it filed its Final Infringement Contentions on April 19, 2013.

Regarding the second factor, Plaintiff asserts that the amended Final Infringement Contentions are important because Defendant has redesigned its system. Defendant notes, however, that the Court previously rejected Plaintiff's argument that the "landing ring" could be segmented, and asserts that the redesigned system uses segmented landing rings.

On the "prejudice" and "cure" factors, Defendant in reliance on the Court's *Markman* ruling and on Plaintiff's Final Infringement Contentions, redesigned its system. Defendant asserts that the new system was designed to make it more clear that there was no infringement of the '061 Patent. The prejudice to Defendant and its use of the redesigned system if the amendment is allowed cannot be cured by a continuance.

Defendant would be prejudiced also by the increased expense if the amendment is permitted. At least some discovery would need to be conducted for a second time, at additional expense. Defendant's technical expert has developed opinions regarding non-infringement issues based on the existing Final Infringement Contentions, and those opinions would have to be revised if the amendment were allowed. This would involve further additional expense to Defendant. The prejudice from the additional expense could not be cured by a continuance.

Additionally, prejudice would result from the inevitable delay should the amendment be allowed.  Defendant notes correctly that this case has been pending since December 20, 2011.  Discovery closes October 21, 2013, dispositive motions are due November 25, 2013, and the case is scheduled for trial in March 2014.  The Court advised the parties at the initial scheduling conference that the March 2014 trial deadline would not be extended.  Although a continuance would cure the prejudice to Defendant resulting from any delay in the resolution of this dispute, the Court declines to extend the remaining deadlines in this relatively old case.[2]

Plaintiff has failed to demonstrate due diligence or good cause for amending its Final Infringement Contentions at this late date.  As a result, the Motion to Amend is **denied**.

## IV.    CONCLUSION AND ORDER

Plaintiff has not demonstrated good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure for amending its Final Infringement Contentions.  The Court's *Markman* ruling does not require clarification and remains unchanged. Consequently, it is hereby

---

[2]      Defendant states that if Plaintiff is allowed to file amended Final Infringement Contentions, it will seek leave to file amended Final Invalidity Contentions.  The Court will not allow any further extensions of existing deadlines, unless the extensions are agreed to by the parties and do not affect the dispositive motions deadline or the March 2014 trial.

**ORDERED** that Plaintiff's Motion for Clarification [Doc. # 133] and Motion

to Amend [Doc. # 136] are **DENIED**.

SIGNED at Houston, Texas, this **18th** day of **September, 2013**.

Nancy F. Atlas
United States District Judge