IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRECISION ENERGY SERVICES, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-4492 |
| THRUBIT, LLC, | § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Motion to Exclude Testimony of Stephen L. Becker and Strike Supplemental Report ("Motion") [Doc. # 147] filed by Defendant Thrubit, LLC ("Thrubit"), to which Plaintiff Precision Energy Services, Inc. ("Precision") filed a Response [Doc. # 151], Defendant filed a Reply [Doc. # 153], and Plaintiff filed a Sur-Reply [Doc. # 154-1]. Having reviewed the record and applicable legal authorities, the Court **denies** the Motion.

### I.  BACKGROUND

Plaintiff Precision is the owner of United States Patent No. 7,537,061 ("the '061 Patent"), entitled "System and Method for Releasing and Retrieving Memory Tool with Wireline in Well Pipe." The patent covers a system for deploying memory tools used to conduct measurements and record data in sub-surface earth formations through

the borehole of a well drilled in the earth. The patented system facilitates the deployment of memory tools in wells that are deviated or horizontal.

Precision sued Defendant ThruBit alleging infringement of various claims in the '061 Patent. ThruBit filed a Counterclaim, seeking a declaratory judgment of non-infringement, invalidity, and unenforceability. Following a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996), the Court issued its claim construction ruling on March 19, 2013.

On April 19, 2013, Plaintiff filed its Final Infringement Contentions. On August 13, 2013, Plaintiff filed a Motion for Leave to Amend its Final Infringement Contentions to add an assertion that Defendant's "Small Hang-Off Sub Insert" infringes the '061 Patent. On September 13, 2013, Precision served Becker's Expert Report regarding damages. Becker calculated Precision's damages based on the assumption that the Court would allow Precision to amend its final infringement contentions.

On September 18, 2013, the Court denied Precision's Motion for Leave to Amend its Final Infringement Contentions. As a result, any alleged infringement by the "Small Hang-Off Sub Insert" is not an issue in this lawsuit. On October 1, 2013, Precision served Becker's Supplemental Report in which he reduced the amount of

Precision's damages as a result of the Court's denial of Precision's request to amend its final infringement contentions.

Thrubit filed its Motion on October 8, 2013, asking the Court to exclude Becker's original Expert Report because it included damages based on infringement contentions that were disallowed by the Court, and to strike the Supplemental Report as untimely. The Motion has been fully briefed and is ripe for decision.

## II.   STANDARD FOR EXPERT WITNESS TESTIMONY

Witnesses who are qualified by "knowledge, skill, experience, training or education" may present opinion testimony to the jury. *See, e.g., Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting FED. R. EVID. 702). "A party seeking to introduce expert testimony must show (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id*. (citing *Smith v. Goodyear Tire & Rubber Co.,* 495 F.3d 224, 227 (5th Cir. 2007)). The trial courts act as "gate-keepers," making a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* (quoting *Pipitone v. Biomatrix, Inc.,* 288 F.3d 239, 243-44 (5th Cir. 2002) (quoting *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 592-93 (1993))).

The court should refuse to allow a witness to present opinion testimony in a particular field or on a given subject if the witness is not qualified in that particular field or subject matter. *Id*. (citing *Wilson v. Woods,* 163 F.3d 935, 937 (5th Cir. 1999)). An expert may not present opinion testimony that goes beyond the scope and extent of his expertise. *See Goodman v. Harris County*, 571 f.3d 388, 399 (5th Cir. 2009).

Most challenges to a witness's qualifications and methodology relate more to the weight to be given the expert's testimony than to its admissibility. *Holbrook v. Lykes Bros. S.S. Co., Inc*., 80 F.3d 777, 782 (3d Cir. 1996). Consequently, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596.

## III.   ANALYSIS

Defendant does not challenge either Becker's qualifications to offer an opinion on damages in this case or the methodology Becker used to arrive at his damages opinion. Instead, Defendant argues that Becker should not be allowed to present expert testimony on damages in this case because his original Expert Report was based on the assumption that Precision would be permitted to amend its final infringement contentions to include Defendant's "Small Hang-Off Sub Insert" in

addition to the "Large Hang-Off Sub Insert." The Court agrees that it would have been better if Becker's original Expert Report segregated the damages based on the existing Final Infringement Contentions from those based on the proposed amended contentions. Had Becker done so originally, no supplementation would have been required after the Court disallowed the amended infringement contentions. The Court disagrees, however, that the failure to segregate is a basis for excluding his testimony in its entirety absent a challenge to his qualifications or his methodology.[1] The Court denies the Motion to Strike Becker's testimony.

Once the Court issued its Memorandum and Order denying Precision's request to amend its Final Infringement Contentions, it was appropriate for Becker to supplement his report to exclude those damages allegedly resulting from infringing systems not included in this lawsuit. He did so within two weeks, and the Court concludes that the supplement was timely.

Defendant claims that it is prejudiced because its expert had no opportunity to address the Supplemental Report before filing his own report on October 4, 2013. To the extent there is any prejudice to Defendant, it can be alleviated by allowing

---

[1] The Court's practice is that an Expert Report is not admitted into evidence and, instead, the evidence before the trier-of-fact is the witness's testimony.

Defendant's damages expert to supplement his report if necessary. Any supplement must be filed by December 2, 2013.

## IV.     CONCLUSION AND ORDER

Defendant does not challenge Becker's qualifications or methodology. Instead, Defendant seeks to exclude all testimony from Becker because the original Expert Report included damages based on infringement contentions subsequently disallowed by the Court, and to strike Becker's Supplemental Report as untimely. Because the methodology utilized by Becker to reach the opinions in the Expert Report has not changed, the Motion to Exclude is denied. The Supplemental Report was proper in order for Becker to reduce the amount of damages based on the Court's subsequent ruling. Consequently, it is hereby

**ORDERED** that Defendant's Motion to Exclude Testimony of Stephen L. Becker and Strike Supplemental Report [Doc. # 147] is **DENIED**. It is further

**ORDERED** that if Defendant wants to provide a Supplemental Report from its expert, it may do so by **December 2, 2013**. It is further

**ORDERED** that the remaining deadlines in this case are **AMENDED** as follows:

| **Motions - Dec. 16, 2013**<br>**Responses - Jan. 20, 2014**<br>**Replies - Jan. 27, 2014** | Dispositive Motions and Briefing Deadlines |
|---|---|

| **March 3, 2014** | Court's ruling on all pending motions (date will change if briefing schedule is extended) |
|---|---|
| **March 31, 2014** | Deadline for parties to complete mediation, which is required in this case.  The parties shall select a mediator, and the parties and the mediator must comply with S.D. Texas Local Rule 16. |
| **April 10, 2014** | Joint Pretrial Order due including all components required by Local Rules and this Court's Procedures (such as witness lists, exhibit lists and copies of exhibits (*see* # 29 below), and for jury trials, joint proposed jury instructions with citation to authority, and proposed verdict form), and a statement of expected length of trial (~ 7 hours with jury per day). |
| **April 10, 2014** (same day as JPTO but filed separately) | Written notice due for request for daily transcript or real time reporting of trial proceedings. |
| **April 10, 2014** | Video and Deposition Designations due. Each party who proposes to offer a deposition shall file a disclosure identifying the line and page numbers to be offered.  All other parties will have 1 week to file its cross designations by line and page numbers.  The parties are responsible for preparing the final edited copy of any video depositions in accordance with the parties' designations and the Court's rulings on any objections. |
| **April 10, 2014** | Motions in Limine due. |
| **April 18, 2014** | Objections to opponents' proposed witnesses, proposed exhibits, designated deposition testimony, and any other matters due. |
| **April 28, 2014** | The parties are directed to confer and advise the Court in writing about which limine requests the parties agree to. |

| **May 2, 2014 at 9:00 a.m.** | Docket Call/ Final Pretrial Conference at the United States District Court, 515 Rusk Street, Houston, Texas, Courtroom 9-F. |
|---|---|
| **To be determined at Docket Call** | JURY SELECTION at the United States District Court |

SIGNED at Houston, Texas, this **13th** day of **November, 2013**.

Nancy F. Atlas
United States District Judge